Ronald D. Roach (AZ Bar No. 022662)
**RDR LAW, PLC**
2550 W. Union Hills Dr., Ste. 350
Phoenix, AZ 85027
Tel: 602.509.2417
ron.roach@rdrlawplc.com

*Attorney for Plaintiff*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re Andre Kevon Guice,<br><br>Debtor | Case No. 2:21-bk-00773-BKM<br><br>Chapter 7<br><br>**Adversary No. 2:21-ap-00128-BKM**<br><br>**MOTION FOR ORDER TO SHOW CAUSE AS TO WHY DEFENDANT ANDRE GUICE SHOULD NOT BE HELD IN CONTEMPT** |
| CHELSEY HANSEL,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE KEVON GUICE,<br><br>Defendant. | |

Pursuant to 11 U.S.C. §105 (the power to issue orders necessary or appropriate to carry out the Bankruptcy Code), 28 U.S.C. § 157(b) (jurisdiction of bankruptcy courts to hear "core" matters), and Fed. R. Bankr. P. 9020, Plaintiff Chelsey Hansel hereby moves for an order requiring Defendant Andre Guice to appear and show cause as to why he should not be held in contempt for violating the Court's sanctions order requiring him to pay certain of Plaintiff's attorneys' fees (Doc. 66). This Motion is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Relevant Background

On February 17, 2023, this Court entered an Order Re: Motion for Sanctions arising from Defendant Andre Guice's failure to respond to Plaintiff's discovery request and a subsequent order to compel. As part of sanctions order, the Court awarded Plaintiff certain of her attorneys' fees and instructed Plaintiff to file an application for same.

On March 30, 2023, this Court entered an Order Awarding Attorneys' Fees Pursuant to Award of Sanctions (Doc. 66). That order required Defendant Andre Guice to pay the sum of $1,580.00 by check made payable to Plaintiff Chelsey Hansel and mailed to Plaintiff's counsel's office on or before April 20, 2023. Specifically, the Order states:

> Having received and reviewed Plaintiff Chelsey Hansel's Motion for Award of Attorneys' Fees Pursuant to Award of Sanctions and for good cause appearing therefor,
>
> IT IS HEREBY ORDERED awarding Chelsey Hansel her attorneys' fees in the amount of $1,580.00.
>
> IT IS FURTHER HEREBY ORDERED that Defendant Andre Guice shall pay the sum of $1,580.00 by check made payable to Chelsey Hansel and mailed to Plaintiff's counsel's office on or before April 20, 2023.

Defendant ignored the Order Awarding Attorneys' Fees Pursuant to Award of Sanctions and failed to pay the fees as ordered by the Court.

## II. Defendant Andre Guice Should Be Required to Show Cause as to Why He Should Not be Held in Contempt.

A bankruptcy court's authority to hold a party in contempt derives from several sources, including the inherent authority of any court to regulate the conduct of those appearing before it, 11 U.S.C. §105 (the power to issue orders necessary or appropriate to carry out the Bankruptcy Code), 28 U.S.C. § 157(b) (jurisdiction of bankruptcy courts to hear "core" matters), and Fed. R. Bankr. P. 9014 and 9020.

"To find a party in civil contempt, the movant must prove by clear and convincing evidence that the alleged contemnor violated a specific and definite order of the court."

*Bateman v. GemCap Lending I, LLC (In re Bateman)*, 2019 WL 3731532, at *6 (9th Cir. BAP Aug. 7, 2019). "The bankruptcy court must also find that the contemnor had sufficient notice of the order's terms and the fact that sanctions would follow a failure to comply." *In re Bateman*, 2019 WL 3731532, at *6, citing *Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1028 (9th Cir. 2004).

Once a contemnor's noncompliance with a court order is established, the burden shifts, and [the contemnor] must produce sufficient evidence of its inability to comply to raise a question of fact. *Kismet Acquisition, LLC v. Diaz-Barba (In re Icenhower)*, 755 F.3d 1130, 1139 (9th Cir. 2014). A "contemnor in violation of a court order may avoid a finding of civil contempt only by showing it took all reasonable steps to comply with the order." *Kelly v. Wengler*, 822 F.3d 1085, 1096 (9th Cir. 2016).

"Whether the contemnor violated a court order is not based on subjective beliefs or intent in complying with the order, 'but [based on] whether in fact [the] conduct complied with the order at issue.'" *Bateman*, 2019 WL 3731532, at *6, quoting Dyer, 322 F.3d at 1191. :The standard for evaluating civil contempt, thus, is an objective one." *Bateman*, 2019 WL 3731532, at *6.

Here, the Court's sanctions order was clear. Pursuant to Award of Attorney's Fees "Andre Guice shall pay the sum of $1,580.00 by check made payable to Chelsey Hansel and mailed to Plaintiff's counsel's office on or before April 20, 2023." Its been nearly four (4) months and no such payment has been made nor has any attempt to make payment. Therefore, Plaintiff requests that the Court enter an order requiring Defendant Andre Guice to appear and show cause as to why he should not be held in contempt for failing to obey yet another order of this Court. As a sanction for his contempt, Plaintiff further requests that this Court award a further sanction of $500.00 to compensate Plaintiff for her attorneys' fees necessitated by this Motion and the subsequent order to show cause hearing and that such sum increase by $100.00 for each week that Defendant Andre Guice fails to comply following the order to show cause hearing.

///

## III. Conclusion

Plaintiff respectfully requests that this Court enter an order to show cause requiring Defendant Andre Guice to appear and show cause as to why he should not be held in contempt for failing to obey yet another order of this Court.

As a sanction for his contempt, Plaintiff further requests that this Court award a further sanction of $500.00 (for a total of $2,080.00) to compensate Plaintiff for her attorneys' fees necessitated by this Motion and the subsequent order to show cause hearing and that such sum increase by $100.00 for each week that Defendant Andre Guice fails to comply following the order to show cause hearing.

DATED: October 5, 2023.    **RDR LAW, PLC**

By /s/ Ronald D. Roach
RONALD D. ROACH
*Attorney for Plaintiff*

2550 W. Union Hills Dr., Ste. 350
Phoenix, Arizona 85027
ron.roach@rdrlawplc.com

# CERTIFICATE OF SERVICE

A copy of Plaintiff's MOTION FOR ORDER TO SHOW CAUSE AS TO WHY DEFENDANT ANDRE GUICE SHOULD NOT BE HELD IN CONTEMPT was electronically filed this 5th day of October 2023 and served by US mail to Defendant Andre Kevon Guice at:

Andre Guice
1216 N. 66th Pl.
Mesa, AZ 85205

A copy was also emailed to Andre Guice at andre.azelite@gmail.com

/s/ Ronald Roach